UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOLOMON WILLIAMS                                          CIVIL ACTION

VERSUS                                                    NO. 08-4888

SUISSE-ATLANTIQUE SOCIETE                                 SECTION "C" (1)
DE NAVIGATION MARITIME S.A., ET AL

ORDER AND REASONS

This matter comes before the Court on motion to dismiss and alternative motion to transfer filed by the defendant Ross Maritime, Inc. ("Ross Maritime"). Having considered the record, the memoranda of counsel and the law, the Court has determined that transfer is appropriate for the following reasons.

This lawsuit seeks damages for personal injuries allegedly sustained in a maritime accident in Mobile Bay, Alabama while towing lines from ship to shore and a deckhand on the M/T EAGLE TOLEDO did not release the slack in the line causing Ross Maritime's vessel to turn over and throw the plaintiff overboard. According to the original complaint, Ross Maritime was the plaintiff's Jones Act employer and Suisse-Altlantique Societe de Navigation Maritime, S.A. ("Suisse-Atlantique") was the owner

and operator of the S/S CELERINA.[1]    (Rec. Doc. 1).  In the First Supplemental and Amending Complaint, AET Inc. Limited was named as the owner and operator of the M/T EAGLE TOLEDO.  (Rec. Doc. 6).  According to the Second Supplemental and Amending Complaint, Albatross Maritime LLC d/b/a Bert's Line Handling, Inc. ("Albatross") was the plaintiff's Jones Act employer.   (Rec. Doc. 22).  The plaintiff and Ross Maritime are Alabama citizens, and the mover has presented evidence that Albatross is an Alabama corporation.  (Rec. Doc. 26, Exh. 1).   None of parties are Louisiana citizens.

In this motion, Ross Maritime seeks dismissal for lack of personal jurisdiction based on the Court's  lack of general or specific jurisdiction over it.  It also argues that venue is improper under 28 U.S.C. § 1391(b)(2), and alternatively seeks transfer to the United States District Court for the Southern District of Alabama, Mobile Division.[2]

---

[1] It appears from the record that Suisse-Atlantique was terminated as a party in March 2009.

[2] Section 1391(b) provides:
A civil action wherein jurisdiction is not founded solely on diversity of jurisdiction may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The Court notes that venue under the Jones Act, 46 U.S.C. § 30104(b) provides

The plaintiff argues that it needs to conduct discovery to determine whether specific jurisdiction is present and, alternatively, asks that this case not be dismissed but instead transferred.

Under 28 U.S.C. § 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A district court can transfer a case under Section 1406(a) even if personal jurisdiction is lacking. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Here, the record is devoid of any evidence to suggest that there is any connection between the parties and subject matter of this suit and this forum, whether or not this Court has personal jurisdiction over Ross Maritime. The Court specifically finds that the transfer sought is in the interest of justice.

Accordingly,

IT IS ORDERED that the motion to dismiss and alternative motion to transfer filed by the defendant Ross Maritime, Inc. is PARTIALLY DISMISSED WITHOUT PREJUDICE as to the motion to dismiss and PARTIALLY GRANTED as to the

---

that venue lies "in the judicial district in which the employer resides or the employer's principal office is located."

alternative motion to transfer. (Rec. Doc. 26). This matter is hereby TRANSFERRED to the United States District Court for the Southern District of Alabama, Mobile Division.

New Orleans, Louisiana, this 3rd day of August, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE